IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>ROBERT HASLAM,<br><br>                 Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [6] MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:17-cr-00015<br><br>District Judge David Nuffer |

Defendant Robert Haslam filed a Motion for Early Termination of Supervised Release (the "Motion").[1] The U.S. Probation Office filed a Report on Offender Under Supervision, objecting to early termination.[2] For the reasons stated herein, the Motion is DENIED.

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[3] The factors to consider in evaluating early termination of supervised release include a number of the factors considered in imposing a sentence:[4]

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the need for the sentence imposed to afford adequate deterrence to criminal conduct;

---

[1] Docket no. 6, filed Jan. 9, 2019.

[2] Docket no. 7, filed Jan. 9, 2019.

[3] 18 U.S.C. § 3583(e)(1).

[4] *Id.* (cross referencing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

- the need for the sentence imposed to protect the public from further crimes of the defendant;
- the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
- the need to provide restitution to any victims of the offense.

The progress Mr. Haslam reports is commendable. He reports in the Motion that he is in a stable relationship; he's working full-time; and he's in full compliance with the terms of his supervised release.[5] This report suggests that supervised release may no longer be needed for correctional treatment. Also, based on the record, Mr. Haslam has no outstanding financial obligations to the court or the probation officer, and he reports as directed.[6]

However, Mr. Haslam has not demonstrated good cause for early termination of his supervised release. The punishment still fits the crime. The U.S. Probation Office does not support terminating the supervised release.[7] The United States, the other party to Mr. Haslam's plea agreement, also opposes the Motion.[8] Mr. Haslam was an organizer, leader, manager or supervisor in criminal activity and pleaded guilty to Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana.[9] He committed the offense while serving a term

---

[5] Motion, docket no. 6.

[6] Order Approving Request/Report on Offender Under Supervision, docket no. 5, filed Jan. 5, 2018.

[7] Report on Offender Under Supervision, docket no. 7, filed Jan. 9, 2019.

[8] *Id*.

[9] Judgement, docket no. 2-2, filed Jan. 12, 2017.

of supervised release in the Northern District of Illinois following his conviction for Conspiracy to Import a Controlled Substance.[10] During plea negotiations with the government, Mr. Haslam fled to the state of Arizona where he resided under an assumed name for approximately 18 months prior to being arrested.[11] The nature and circumstances of the offense and the history of the defendant weigh in favor of an unmodified term of supervised release.[12] Further supervised release is also necessary (a) to protect the public from further crimes; (b) afford adequate deterrence to criminal conduct; and (c) to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.[13]

THEREFORE, IT IS HEREBY ORDERED that the Motion[14] is DENIED.

Dated January 14, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[10] Report on Offender Under Supervision, docket no. 7.

[11] *Id*.

[12] 18 U.S.C. § 3583(e)(1).

[13] *Id*.

[14] Docket no. 6.